ANTHONY J. DELUCA, ESQ.
Nevada Bar No.: 006952
DELUCA & ASSOCIATES
7580 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 873-5386
Fax (702) 873-5903
Anthony@deluca-associates.com

### IN THE UNITED STATES BANKRUPTCY COURT
### District of Nevada

**In Re:**

Shawn S Whittington
Sharon F Whittington

**Debtor(s)**

Case No:11-21037-MKN
Trustee: KATHLEEN A. LEAVITT

Chapter: 13

Hearing Date: October 20, 2011
Hearing Time: 3:15 pm

### Motion to Value Collateral, "Strip Off", and Modify Rights of Citimortgage Inc

### (Account number ending: xxxxx6771)

COMES NOW Shawn S Whittington and Sharon F Whittington (hereinafter referred to as "debtor(s)"), by and through their attorney, ANTHONY J. DELUCA, ESQ., and moves this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and state:

1. Debtor(s) commenced this case on July 13, 2011 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

2. On the date of filing, debtor(s) owned real property commonly known as at 7113 Lakeland Rd, Las Vegas, NV, 89145 (hereinafter referred to as "subject property").

3. The value of the Subject Property at the time of filing was $75,000.00. (See appraisal of property, Attachment).

4. At the time of filing, the Subject Property was subject to a priority lien held by Bayview Financial Loan in the amount of $216,904.00.

5. Therefore, on the date the bankruptcy was filed, no equity existed in the Subject Property above the amount owed on the first mortgage.

6. Citimortgage Inc's second mortgage claim (hereinafter referred to as "second mortgage") was entirely unsecured on the day the bankruptcy was filed; i.e., if the Subject Property were auctioned on the date the bankruptcy was filed, the second mortgage would receive nothing.

7. Accordingly, Debtor requests that this honorable Court find that Citimortgage Inc's second mortgage claim is wholly unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtor's chapter 13 plan.

**LEGAL ARGUMENT**

11 U.S.C. §506(a) states that a creditor's claim is only *secured* to the extent of the property value: "a lien on property . . . is a secured claim to the extent of the value of such creditor's interest . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim."

In *In re Zimmer*, the Appellant, Zimmer, filed suit against PSB Lending Corporation to avoid lien against her home. 313 F.3d 1220, 1221 (9th Cir. 2002). PSB Lending held a second position deed of trust on Zimmer's primary residence, which was entirely unsecured. *Id.* the Court stated that, pursuant to 11 U.S.C. §506(a) a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim:

> ... A claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house. *Id.* at 1223.

Just as Zimmer's second mortgage was wholly unsecured, Debtor's second mortgage is wholly unsecured. Thus, the Court should reclassify Debtor's second mortgage claim to that of a general unsecured claim to be paid pro rata with like unsecured creditors. The second mortgage should also be stripped of its secured rights under State law since no maintainable or practical security interest in the subject property exists.

Pursuant to considerable case law, Debtor is not required to file an adversary proceeding to achieve the herein requested relief. See *In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R.693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302

B.R.90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800(Bankr.S.D.Ohio 2003), *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).   Instead, Debtor may bring the instant motion.

**SERVICE**

1.     Resident Agent/President:

Debtor, through their counsel, has searched the Secretary of State to find the Resident Agent and/or President for Citimortgage Inc. The following individuals and/or entities were located and served with a copy of this motion: Citimortgage Inc, c/o Corp Trust Co of NV, Agent, 311 S. Division St, Carson Cit y, NV 89703  Citimortgage Inc, Sanjiv Das, President, 399 Park Avenue, New York NY 10022

2.     Proof of Claim:

Debtor, through their counsel, has reviewed the proof of claims directory contained within the Federal Court Records for the current matter and has identified the following address and/or information:

Address in Proof of claim for Citimortgage Inc: Citimortgage Inc, PO Box 9438, Gaithersburg MD 20898

___X_____     There was no proof of claim on file with the Federal Bankruptcy Court at the time of the filing of the instant motion.

3.     Request for Special Service:

Debtor, through their counsel, has reviewed the Court Docket contained within the Federal Court Records for the current matter and has identified the following address and/or information contained within any Requests for Special Notice: n/a  .

___X_____     There were no Requests for Special Notice on file with the Federal Bankruptcy Court at the time of the filing of the instant motion.

WHEREFORE, Debtor(s) pray that this honorable court:

1. Avoid or "strip off", cancel and extinguish Citimortgage Inc's lien from the Subject Property pursuant to 11.U.S.C. Section 506(a);

2. Reclassify Citimortgage Inc's second mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

3. Such other relief the Court finds appropriate.

DATED this September 5, 2011

/s/ ANTHONY J. DELUCA, ESQ.
_____
ANTHONY J. DELUCA, ESQ.
Attorney for Debtor(s)